## JEHL v. UNITED STATES.

### No. 9905.

Circuit Court of Appeals, Ninth Circuit.

April 21, 1942.

Rehearing Denied June 2, 1942.

James B. O'Connor, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and Valentine C. Hammack, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before MATHEWS, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

Appellant was found guilty upon each of nine counts of an indictment charging eight substantive offenses with respect to the illicit operation of a still, and one count charging a conspiracy to violate the Internal Revenue laws of the United States.

In the trial below, appellant at the close of the government's case in chief moved the court for a directed verdict of not guilty which motion was renewed after defendants had rested. Both motions were denied. Thereupon the government offered rebuttal which was received and thereafter appellant offered evidence in surrebuttal which was also received and additional evidence in rejoinder was offered by the government and was likewise received. Appellant's motion for a directed verdict was not renewed when the parties rested their respective cases. After verdict there was a motion for a new trial and a motion for arrest of judgment both of which were denied. Exceptions were allowed with respect to each of the motions.

Error is assigned with respect to denial by the trial court of each of the motions above mentioned. No other errors are assigned.

The questions for our consideration are, did the trial court err (1) in denying motion for a directed verdict made at the conclusion of the government's case in chief, (2) in denying a renewal of that motion when defendant rested his case, or (3) in denying after verdict a motion for a new trial and a motion in arrest of judgment.

By his motion in arrest of judgment defendant raised the question as to whether or not the evidence was insufficient to sustain the judgment.

The evidence said to show appellant's connection with the conspiracy and the operation of the still consists of testimony to the effect that on six occasions sugar was sold to appellant by a grocer in Watsonville, California, that portions of such sugar were delivered by the grocer to appellant and that portions thereof were delivered by the grocer to appellant's co-defendants, but there is no evidence indicating that said sugar was used at or in connection with, or that it was purchased for, the still referred to in the indictment, or any other still, illicit or otherwise.

There is evidence that co-defendants obtained a lease to the property whereon the still was located, obtained electric power therefor, erected a building on said property, were actually operating the still, and were arrested on the premises while the still was in operation, but no evidence is pointed out connecting appellant with any of such circumstances. It is not suggested by any witness that appellant had knowledge of the still, or operation thereof, referred to in the indictment.

There was evidence to the effect that appellant had talked of "getting some of my men out of jail" and that in such conversation appellant referred to "my still". There was no effort made to identify the "men" referred to, or "my still". Nothing in the record connects such conversation with the still in question here, or with its operation.

There was evidence given by Della Carrillo to the effect that "some time in the first part of August" appellant said to her, "It was awful to stand on a hill and watch thousands of dollars go to waste." The record does not disclose the subject matter of this conversation or any possible connection with the facts alleged in the indictment.

Our attention is directed to no other evidence tending to show or claimed to show a connection or association of appellant with the facts alleged in the indictment.

Save for the above mentioned evidence nothing in the record suggests appellant's participation in the conspiracy or his knowledge thereof.

Appellee cites and relies upon Vukich v. United States, 9 Cir., 28 F.2d 666, 669, but the gist of that opinion was that one who "knowingly delivers supplies to [a] distillery [and] aids and abets the carrying on of its unlawful business" is guilty as a principal. The record here does not show a party who "knowingly delivers" such supplies.

In Borgia v. United States, 9 Cir., 78 F. 2d 550, also relied upon by appellee, again it was the knowing delivery of supplies to the distillery where they were used which was determinative. It is the absence of any direct or indirect evidence showing or tending to show participation or even knowledge on the part of appellant with the basic facts charged in the indictment which required the trial court to grant the motion in arrest of judgment.

The other motions raised only the same questions raised by the motion just discussed. It is therefore unnecessary to consider them.

Reversed.

STEPHENS, Circuit Judge.

I dissent. I think the record discloses substantial circumstantial evidence which required the submission of the case to the jury. This having been done we should not override the jury's verdict.