**HAMILTON v. UNITED STATES.**

No. 6608.

United States Court of Appeals Fourth Circuit.

Submitted June 3, 1953.

Decided June 3, 1953.

tence which had been served in part had been set aside, and in order that the prisoner might not be required to serve a greater aggregate sentence than had originally been imposed. We note that this is the second appeal taken by this prisoner from denials of motion for the vacation of the sentence. See Hamilton v. United States, 4 Cir., 194 F.2d 1011. The District Court was not required to entertain a second motion to set aside the sentence. 28 U.S.C. § 2255. The court did entertain the motion, however, and properly denied it.

Affirmed.

Wayman C. Hamilton, pro se.

A. Garnett Thompson, U. S. Atty., Charleston, W. Va., on brief, for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of a motion under 28 U.S.C. § 2255 to vacate or correct a sentence of imprisonment. Appellant complains of the sentence because under a plea of guilty entered to several counts of an indictment the court imposed a sentence longer than might have been imposed under any one of the counts but less than the aggregate of the sentences that might have been imposed under all of them. This was unquestionably proper. Neely v. United States, 4 Cir., 2 F.2d 849. While it is ordinarily desirable that sentence be imposed under each count of an indictment on which a conviction is had or plea of guilty is entered, the sentence here was evidently entered in the form that it was in view of the fact that a prior sen-