**Clay MARLETTE, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 7252.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 1, 1956.

Decided Oct. 3, 1956.

Charles L. Abernethy, Jr., New Bern, N. C., for appellant.

Robert L. Gavin, Asst. U. S. Atty., Greensboro, N. C. (Edwin M. Stanley, U. S. Atty., Greensboro, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, SOBELOFF, Circuit Judge, and BRYAN, District Judge.

PER CURIAM.

This is an appeal from an order denying a motion under 28 U.S.C. § 2255 to vacate and set aside a sentence of imprisonment. Appellant had pleaded guilty to four counts of an indictment charging conspiracy to violate the narcotic laws and substantive offenses in violation thereof. He was subject to a sentence of five years' imprisonment under each of the counts to which he pleaded guilty or a total of twenty years. He was given a general sentence of ten years on all the counts and it is of this that he complains in the motion made under 28 U.S.C. § 2255; but the imposition of such sentence was unquestionably within the power of the trial judge. As said by this court in Hamilton v. United States, 4 Cir., 204 F.2d 927, 928:

"Appellant complains of the sentence because under a plea of guilty entered to several counts of an indictment the court imposed a sentence longer than might have been imposed under any one of the counts but less than the aggregate of the sentences that might have been imposed under all of them. This was unquestionably proper. Neely v. United States, 4 Cir., 2 F.2d 849."

Affirmed.