**Jerry Veo HOLLOWELL, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 12989.

United States Court of Appeals
Sixth Circuit.

June 20, 1957.

Harvey A. Immerman, Cincinnati, Ohio, for appellant.

Hugh K. Martin, Columbus, Ohio, James E. Rambo, Dayton, Ohio, and argued by Thomas Stueve, Cincinnati, Ohio, for appellee.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

Defendant was indicted December 10, 1954, for the sale of heroin on October 17, 1954, and October 19, 1954, in violation of 21 U.S.C. Section 174 as amended November 2, 1951, 21 U.S.C.A. § 174. The jury found defendant not guilty on the first count, and guilty on the second count.

An information presented by the District Attorney showed that defendant had previously been convicted of the following offenses:

Case No. 6850, Indianapolis, Indiana, on June 28, 1938, in U. S. District Court, Transfer of marihuana without written order form—Sentence: 1 year and 1 day.

Case No. 7485, Indianapolis, Indiana, on November 27, 1942, in U. S. District Court, Five Counts of transferring marihuana without written order form—Sentence: 1 year and 1 day.

Defendant admitted his identity with the person convicted in 1938 and in 1942 as set forth in the information. The District Court therefore sentenced defendant under the Boggs Act, 21 U.S.C. Section 174, as amended November 2, 1951, to 15 years imprisonment and a fine of $500. The pertinent portions of the section read as follows:

"(c) Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be fined not more than $2,000 and imprisoned not less than two or more than five years. For a second offense, the offender shall be fined not more than $2,000 and imprisoned not less than five or more than ten years. For a third or subsequent offense, the offender shall be fined not more than $2,000 and imprisoned not less than ten or more than twenty years. Upon conviction for a second or subsequent offense, the imposition or execution of sentence shall not be suspended and probation shall not be granted. For the purpose of this subdivision, an offender shall be considered a second or subsequent offender, as the case may be, if he previously has been convicted of any offense the penalty for which is provided in this subdivision or in section 2557(b) (1) of the Internal Revenue Code, or if he previously had been convicted of any offense the penalty for which was provided in section 9, chapter 1, of the Act of December 17, 1914 (38 Stat. 789), as amended; section 1, chapter 202 of the Act of May 26, 1922 (42 Stat. 596), as amended; section 12, chapter 553, of the Act of August 2, 1937 (50 Stat. 556), as amended; or sections 2557(b) (1) or 2596 of the Internal Revenue Code enacted February 10, 1939 (ch. 2, 53 Stat. 274, 282), as amended."

Defendant filed a motion to vacate the sentence, which was denied by the District Court. The only question raised in this court is whether the sentence exceeded the maximum authorized by law.

■ Defendant contends that since the information does not specify the statute or statutes which defendant previously violated, nor set forth the section imposing the penalty for such violation, the sentence imposed in accordance with the provisions of 21 U.S.C. Section 174, as amended November 2, 1951, covering a second and subsequent offense is not authorized by the statute. He claims that a correct sentence under this record is not more than five years, that is, a sentence for first offense only.

The information is not precisely drawn. It would have been helpful to the government, the defendant, and the court if the information had included copies of the indictments of 1938 and 1942 specifying the statutes involved and giving other pertinent information. However, the paucity of statement in the information did not mislead defendant to his prejudice, for he admitted his identity with the person guilty of the violations set forth.

■ The omission of a citation is not ground for dismissal of an indictment or information where the defendant has not been misled. Federal Rules of Criminal Procedure rule 7, 18 U.S.C. Cf. Pettway v. United States, 6 Cir., 216 F.2d 106, a marihuana case, which holds that an indictment is sufficient even if an applicable section of the Code is not designated or if an incorrect section is set out.

■ The contention that the prior offenses are not covered by the Boggs Act and that 21 U.S.C. Section 174, as amended November 2, 1951, does not apply has no merit. The law relating to the possession and transfer of marihuana in-

cluded the offense of transferring it without a written order form. 50 Stat. 554, enacted August 2, 1937, by the 75th Congress, Ch. 553, Section 6, et seq. (26 U.S. C. Section 2593(a)). The penalty, Section 2596, 26 U.S.C., is derived from Section 12 of Ch. 553. These citations cover the 1938 violation.

The 1942 violation is covered by the same Section 2593(a) reenacted by the 1939 Code as part of Ch. 553 as amended.

On the admitted facts the provisions of 21 U.S.C. Section 174, as amended November 2, 1951, with reference to second and subsequent offenses apply and defendant was sentenced in compliance with law. The sentence falls well within the limit of "not less than ten or more than twenty years."

The order of the District Court is affirmed.