Charles Grover **HART**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 7633.

United States Court of Appeals Fourth Circuit.

Argued June 9, 1958.

Decided June 12, 1958.

Robert D. Lewis, Asheville, N. C. (Court appointed counsel), for appellant.

Charles Grover Hart, pro se, on brief.

J. M. Baley, Jr., U. S. Atty., Asheville, N. C. (Hugh E. Monteith, Asst. U. S. Atty., Sylva, N. C., on brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

PER CURIAM.

This is an appeal from a denial, without hearing, by the United States District Court for the Western District of North Carolina of a motion to vacate sentence under Title 28 U.S.C.A. § 2255.

In two criminal cases, the appellant, Charles Grover Hart, was charged with three separate violations of the Dyer Act 18 U.S.C.A. § 2312. The three counts, to each of which he pleaded guilty, charged him with transporting, on certain separate dates, stolen motor vehicles, in interstate commerce, knowing same to have been stolen.

The District Judge then imposed sentence in the following manner: "Consolidating 2609 and 2611 [the two indictments] * * * the judgment of the Court is that this defendant, in view of his previous record, be confined in such institution as may be designated for a period of six years."

The maximum sentence for a single violation is five years imprisonment, and the appellant argues that his sentence of six years is in excess of the permissible maximum.

There can be no doubt that, upon several convictions, a single sentence may be imposed that is longer than could be imposed for any one violation, provided that the permissible aggregate of consecutive sentences is not exceeded. Hamilton v. United States, 4 Cir., 204 F.2d 927; Marlette v. United States, 4 Cir., 237 F. 2d 228.

The appellant maintains, however, that when the sentencing judge used the term "consolidate," he meant that the offenses were to be merged into one for which the penalty could not exceed five years. This contention is manifestly insubstantial and is specifically negatived by the Judge's statement. By the entry of the guilty pleas the defendant stood convicted of three offenses, and the District Judge obviously meant only that the punishments were to be meted out in a single sentence.

Order affirmed.