Isaac Henry CALL, Appellant,

v.

UNITED STATES of America,
Appellee.

Tal Joe PEARSON, Appellant,

v.

UNITED STATES of America,
Appellee (two cases).

Squire WILES, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 7705–7708.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 5, 1959.

Decided April 6, 1959.

W. H. McElwee and Max F. Ferree, North Wilkesboro, N. C. (McElwee & Ferree, North Wilkesboro, N. C., on brief), for appellant.

H. Vernon Hart, Asst. U. S. Atty., Greensboro, N. C. (James E. Holshouser, U. S. Atty., North Wilkesboro, N. C., on brief), for appellee in case No. 7705.

Kyle Hayes, North Wilkesboro, N. C., for appellant in cases Nos. 7706 and 7707.

T. R. Bryan, Wilkesboro, N. C., for appellant in case No. 7708.

John E. Hall and Lafayette Williams, Asst. U. S. Attys., Greensboro, N. C. (James E. Holshouser, U. S. Atty., North Wilkesboro, N. C., and H. Vernon Hart, Asst. U. S. Atty., Greensboro, N. C., on brief), for appellee in cases Nos. 7706, 7707 and 7708.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and BOREMAN, District Judge.

HAYNSWORTH, Circuit Judge.

The sale of large quantities of sugar from a supermarket in North Wilkesboro, North Carolina, led to an investigation and two separate indictments of a number of persons, some being charged with conspiracy and some with posses- sion of contraband. Some of the convict- ed defendants have appealed from the judgments of conviction.

There was abundant testimony to sup- port a finding that in September 1956 Tal Joe Pearson, the operator of the super- market, sought the assistance of one,

Coley Roby Johnson, in promoting the sale of sugar to illegal distillers. Johnson had but recently been released from prison, where he had been confined after conviction of a violation of the revenue laws, and, apparently, was well-known in the illicit whiskey trade in Wilkes County. The suggestion was that Johnson promote the sales and permit Pearson to report them as sales made to Johnson rather than to the actual purchasers. For the service, including the use of his name as the ostensible purchaser, Johnson was to receive a salary from Pearson, the compensation being later changed to a commission upon all such sugar sales. Before concluding the arrangement, Johnson consulted agents of the Alcohol and Tobacco Tax Unit in Wilkesboro. The agents suggested that Johnson accept the proposal and keep them informed. Johnson agreed to do so, and thereafter reported all developments to the agents.

In November 1956 Pearson was served with a "demand letter" requiring that he report on Treasury Form 169 all sales of sugar from his supermarket of more than sixty pounds each, as well as certain other products used in distilling illegal whiskey. Evidence of an earlier "demand letter" upon the predecessor of Pearson's supermarket business was excluded by the District Judge, but, if the testimony of Johnson is to be believed, Pearson thought in September 1956 that he was required to file such reports, for the arrangement with Johnson was that all such sales would be falsely reported by Pearson as having been made to Johnson.

There was evidence of a number of sales of very large quantities of sugar from the supermarket after November 1956, some of which were made by Johnson, some by Pearson, but Johnson received a commission upon them all, and those involved in these proceedings were falsely reported on Treasury Form 169 as having been made to Johnson.

An indictment was returned charging Pearson and eleven purchasers of sugar from Pearson's supermarket, including Isaac Henry Call, with conspiracy to possess sugar for the unlawful purpose of distilling illegal whiskey. A second count charged the same persons with conspiracy to violate Title 18 U.S.C.A. § 1001 by concealing the identity of the purchasers of sugar through the filing of false reports on Treasury Form 169. Five additional counts charged Pearson and certain of the purchasers of sugar with its unlawful possession for the purpose of distilling illegal whiskey.

Another indictment in three counts charged Pearson, one Squire Wiles and two others, with unlawful possession of sugar for the illegal purpose of distilling spirits.

Before the jury brought in its verdict a number of the defendants changed their pleas from not guilty to guilty, and the jury found Wiles guilty under two counts of the indictment naming him, while Pearson was found guilty under counts of both indictments, and Call was found guilty of conspiracy to violate Title 18 U.S.C.A. § 1001, but was acquitted of the charge of illegal possession of sugar. The first count of the seven count indictment, charging a conspiracy to possess sugar for illegal purposes, had been dismissed by the prosecution.

Pearson appeals upon more than twenty-five separate grounds, in none of which do we find any merit. His principal reliance appears to have been upon five points which need be mentioned but briefly.

■ Pearson first complains that he cannot be convicted of a felony for filing false statements on Treasury Form 169, for he says they are unverified statements. His reliance is upon United States v. Carroll, 345 U.S. 457, 73 S.Ct. 757, 97 L.Ed. 1147, in which a very different question was before the Court. There the Court was concerned with the failure to file information returns on Forms 1099 accompanied by transmittal Form 1096. Only Form 1096 was required to be verified, while the separate Forms 1099, one for each payee, are unverified. The indictment there had

charged, in multiple counts, that the defendants had failed to file separate Forms 1099, and the Supreme Court held that the gist of the offense under Section 145(a) of the Internal Revenue Code, 26 U.S.C.A. § 7203, was the failure to file Form 1096. We are not concerned here with an attempt to multiply the offense, or with duplicitous counts, and whatever the proper definition of a "return," as that term is used in the Internal Revenue Code, it has no bearing upon the proper construction of Section 1001 of Title 18. The offense here is not simply the making of a false statement. It is the concealment of material information, to which the federal agency is entitled, through the use of a false and fictitious document. There is no requirement in the section that the document, by which the concealment is accomplished, must be verified.

■ Pearson next complains that the counts which charged him with unlawful possession of sugar omitted any reference to the statute alleged to have been violated, as required by Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. It is true that those counts do not contain any statutory reference, but it is perfectly clear from the content of each count that it charged a violation of Title 26 U.S.C.A. § 5686. It cannot be reasonably construed to charge any lesser, or other, offense. The defendant was represented at the trial by able counsel, whose many objections show complete familiarity with the technical requirements, but he sought no additional information and made no objection, before or during the trial, about the omission of the statutory citation. Since the defendant could not have been misled, or prejudiced in any way, by the omission, a vacation of the sentence would be unwarranted. Hollowell v. United States, 6 Cir., 245 F.2d 829.

■■ The seventh count of the seven-count indictment charged Pearson, together with certain other named defendants, with unlawful possession of sugar "on divers dates from January 1, 1957 through May 1957," while the sixth count of that indictment and the first and second counts of the other indictment charged him, together with different defendants, with unlawful possession of sugar on specific dates during the period January 1–June 1, 1957. The jury acquitted Pearson on the seventh count, in the light of which he now contends that his conviction on count six of that indictment, and counts one and two of the other indictment, cannot be allowed to stand. There is, however, no actual, or apparent, inconsistency in the finding that Pearson, together with certain individuals, acting jointly, was not guilty of unlawful possession of sugar at any time during the entire period, while he, *jointly with certain other persons not mentioned in the seventh count*, was guilty of such unlawful possession on specific dates within that period. Moreover, the appellants' legal assumption is unwarranted, for if inconsistency is found in a verdict of guilty on one count and an acquittal on another, the verdict of guilty is not invalidated if there is evidence to support it. Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356; Williams v. United States, 4 Cir., 151 F.2d 736.

■ Relying upon United States v. Falcone, 2 Cir., 109 F.2d 579, Pearson contends that his knowledge that the purchasers to whom he made sales of sugar intended to use the sugar in violation of the revenue laws is insufficient to support a conviction of Pearson, jointly with the purchasers, of unlawful possession of the sugar. The contention, however, hardly fits the facts of the present case, for the proof shows that Pearson was not merely a legitimate wholesaler consenting to make sales when he knew, or had reason to believe, that the purchaser intended to make an unlawful use of the sugar. Pearson was actively promoting the sale of sugar to illegal distillers. His activity went far beyond a routine sale, and his knowledge of the intended use of the sugar was accompanied by affirmative acts, in aid of the distillers' illegal purpose. With respect to the specified transactions, Pear-

son's possession was not that of a law-abiding merchant who holds goods for sale in the ordinary course of business, for, after making the particular sales, he performed other acts to conceal the identity of the purchaser, to protect his possession, and, upon some occasions, to make clandestine delivery. Pearson did not intend himself to use these particular lots of sugar for the manufacture of illegal whiskey, but he possessed them with a purpose of actively and affirmatively assisting others to do so, and his possession is equally unlawful with that of his vendees who were the actual operators of the stills.

■ Finally, Pearson complains that the District Judge considered a report of the Probation Officer before the sentence was imposed. Apparently, the contention is that despite the provisions of Rule 32(c) (1) of the Federal Rules of Criminal Procedure, a trial judge may not inquire into the content of the probation report until after sentence has been passed without depriving a defendant of his constitutional rights. Of course, the content of a probation report should not be disclosed to a trial judge, or to the trier of fact, until the guilt of a defendant is established by his voluntary plea or the verdict of a jury. Modern criminology, however, would receive a tremendous blow were it held that the sentencing judge could not inform himself of the content of a probation report prior to imposing sentence, for much of the progress which has been gained in the imposition of sentences is the direct result of the presentence use of such reports.

■ The appellant, Wiles, complains that in his case the government offered no affirmative evidence that sugar was a necessary ingredient in making whiskey, a circumstance which he contends is a fatal failure of proof. The fact is one of such common knowledge in Wilkes County that it well might be noticed without proof, but in this case there was abundant proof that the sugar was sold by Pearson and purchased by Wiles for the purpose of making illicit whiskey. Whether Wiles might have made the whiskey without the sugar is quite irrelevant when it clearly appears that he acquired the sugar for the purpose of the whiskey distillation.

■ Wiles also complains that he was given a final sentence of eighteen months when the maximum sentence on each of the two counts upon which he was convicted, was twelve months. As we have frequently pointed out, where the defendant was convicted upon more than one count, a general sentence is not unlawful, though it is for a longer term than any single count would support, so long as it does not exceed the maximum term which might be imposed upon all counts, if the separate sentences were to be served consecutively. Hart v. United States, 4 Cir., 258 F.2d 559; Marlette v. United States, 4 Cir., 249 F.2d 95; Hamilton v. United States, 4 Cir., 204 F. 2d 927; Neely v. United States, 4 Cir., 2 F.2d 849.

The appeal of the defendant Isaac Henry Call is more meritorious.

Call was one of the defendants charged with conspiracy to violate Title 18 U.S.C.A. § 1001. He was also charged with unlawful possession of contraband sugar, but the jury acquitted him under the possession counts while convicting him of the conspiracy charge.

There was evidence that Call and one, Curry, visited Pearson's supermarket on January 17, 1957, at which time Call paid for a large quantity of sugar and arranged to have Johnson deliver it to him in a remote area that night. Johnson promptly reported the sale to agents of the ATTU, who secreted themselves near the designated delivery point, observed what occurred there, and testified about their observations.

In accordance with the instructions of Call and Curry, Johnson loaded a truck, belonging to Curry, with sugar and drove the loaded truck that night to the designated point of delivery. There Call, Curry and one Anderson, awaited him in Call's automobile, Johnson and Anderson exchanged places, and Anderson drove off to take the sugar to its destination.

When Anderson returned with the empty truck, Johnson again took it over, drove to Pearson's supermarket, reloaded the truck with sugar and returned to the delivery point. Again, he delivered the loaded truck, and Anderson drove it away, while Call and Curry drove Johnson back to Wilkesboro.

A few days later, agents found a large still on the ridge upon which the delivery of the sugar was effected. Anderson was arrested at the still site and a truck, similar to the one used in the delivery of the sugar, was seized. Approximately a month earlier, agents had seized a large still close by Call's home and in such relation to his house and land as to warrant the inference that, if Call was not the operator of the still, he was fully aware of its existence.

Call testified he was in Florida on January 17, 1957, the date of the purchase and delivery of this lot of sugar.

It is apparent from the testimony of the law enforcement agents and of Johnson that there was abundant evidence upon which a jury might have found Call guilty of illegal activity, but he was tried only as one of the conspirators to violate Title 18 U.S.C.A. § 1001 and for unlawful possession of contraband sugar. The jury acquitted him of the possession charge, however, and his conviction as one of the conspirators must be tested in the light of the specialized purpose of the alleged conspiracy.

One of the essential elements of that charge was that Call knew that sugar purchases were to be, or had been, misrepresented by Pearson in his filings of Form 169. Johnson testified that he had told Curry of the *modus operandi*, and it appears that Call and Johnson were old acquaintances, each of whom knew of previous illegal activities of the other. Certainly, the jury might have concluded that Call knew that his purchase of sugar would not be accurately reported to law enforcement officials, but vendors of sugar are not required to report large sales unless they have been served with a "demand letter." Knowing of the activities of Pearson and Johnson and their willingness, for a premium price, to make surreptitious delivery of large quantities of sugar, Call may well have assumed that no report by Pearson was required and that none would be made. Indeed, it is frankly conceded that such an assumption would be more likely than a supposition that a report was required and that the sale would be falsely reported, particularly if the ostensible vendee was known to Call to be Johnson, who for months had been present, open to investigation and available for arrest. Curry may have told Call of the actual situation, but there is no direct evidence that he, or anyone else, did tell him, and the conclusion that Call knew that the sale would be concealed through the filing of a false report rests only upon speculation.

However compelling our conviction that Call has been guilty of wrongdoing, we may not affirm his conviction as a co-conspirator unless the evidence is reasonably susceptible of the inference that he knew of the conspiracy. Jones v. United States, 10 Cir., 251 F.2d 288; Duke v. United States, 5 Cir., 233 F.2d 897; Johns v. United States, 5 Cir., 195 F.2d 77; Jehl v. United States, 9 Cir., 127 F.2d 585. When it appears, as here, that more likely than not, he acted as he did, confident in his immunity from arrest, for a reason quite independent of knowledge of the alleged conspiracy, a jury may not disregard the more likely probability and found a verdict upon the speculative possibility that Call acted with knowledge, and in aid, of the conspiracy to conceal material facts by filing false reports. Guevara v. United States, 5 Cir., 242 F.2d 745; Kassin v. United States, 5 Cir., 87 F.2d 183; Karchmer v. United States, 7 Cir., 61 F.2d 623. See also Johns v. United States, 5 Cir., 195 F.2d 77.

That is not to say that a criminal case may be withdrawn from the jury when the court entertains doubt of the defendant's guilt of the specific charge. We look at the evidence in the light most favorable to the prosecution and are bound by the jury's finding when

there is substantial evidence, so viewed, to warrant the conclusion by reasonable men that the defendant is guilty beyond a reasonable doubt. Bell v. United States, 4 Cir., 185 F.2d 302. When there is a total absence of direct proof of an essential fact, however, the evidentiary facts, viewed in the light most favorable to the prosecution, must fairly warrant its inference; if they do not and the inference is so tenuous as to amount to mere speculation, the verdict is conjectural and must be set aside.

The judgment of conviction in No. 7705 will be reversed; that in Nos. 7706, 7707 and 7708 will be affirmed.

No. 7705 reversed.

Nos. 7706, 7707 and 7708 affirmed.