## UNITED STATES *v.* CARROLL.

No. 442.   Argued March 11–12, 1953.—Decided April 27, 1953.

*Marvin E. Frankel* argued the cause for the United States.   With him on the brief were *Solicitor General Cummings, Assistant Attorney General Holland, Ellis N. Slack* and *Joseph M. Howard.   Robert L. Stern,* then Acting Solicitor General, was on the Statement as to Jurisdiction.

*Morris A. Shenker* argued the cause for appellee.   With him on the brief were *Bernard J. Mellman* and *Sidney M. Glazer.*

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

This is an appeal under the Criminal Appeals Act, 18 U. S. C. § 3731, from an order of the District Court dismissing an indictment. The indictment contains 101 counts. Each count alleges that appellee made payment of a sum in excess of $600 a year to a named individual—some in 1948, some in 1949, and the rest in 1950. The offense charged as to each such payment is a wilful failure to make a return on Treasury Form 1099 in violation of § 145 (a) of the Internal Revenue Code, as amended, § 5 (c), Current Tax Payment Act of 1943, 57 Stat. 126, 26 U. S. C. § 145 (a).

Section 147 of the Act, as amended by § 202 (c)(3) of the Revenue Act of 1948, 62 Stat. 110, provides that any person making a payment to another of $600 or more in any calendar year "shall render a true and accurate return to the Commissioner, under such regulations and in such form and manner and to such extent as may be prescribed by him with the approval of the Secretary."

Treasury Regulations 111, § 29.147–1, as amended T. D. 5313, 1944 Cum. Bull. 308, T. D. 5687, 1949–1 Cum. Bull. 9, provides that all persons making any such payment in any calendar year (with exceptions not relevant here) shall make a "return" on Form 1099, "accompanied by transmittal Form 1096 showing the number of returns filed." Form 1099 is required to be prepared and filed for each payee, showing the name and address of the payee, the kind and amount of income paid, and the name and address of the person making the payment. Form 1099 on its face is called an "Information Return"; and its instructions say that it is to be forwarded "with return Form 1096." Form 1099 contains no formal declaration by the payor nor any signature by him. Those are provided in Form 1096.

Form 1096 is called "Annual Information Return." It must be signed by the payor with a statement of the number of reports on Form 1099 which are attached. It contains a declaration that "to the best of my knowledge and belief the accompanying reports on Form 1099" constitute "a true and complete return of payments" of the prescribed character made during the specified calendar year.

Section 145 (a) of the Act provides that any person required by law or regulations "to make a return . . . for the purposes of the computation, assessment, or collection of any estimated tax or tax imposed by this chapter, who willfully fails to . . . make such return" shall be guilty of a misdemeanor and on conviction be fined not more than $10,000 or imprisoned for not more than one year, or both.

The District Court ruled that the "return" specified in § 145 (a) was that provided in Form 1096, not the one provided in Form 1099, and that since the only offenses charged in the 101 counts were failures to file Form 1099 the indictment should be dismissed.*

The question is not without difficulty. But we conclude that the District Court reached the correct result.

The "return" required by § 147 (a) is to be made "in such form and manner" as are prescribed in the Regula-

---

*We postponed the question of jurisdiction to a hearing on the merits in view of appellee's contention in his statement opposing jurisdiction that the dismissal was based not only upon the "construction of the statute" within the meaning of the Criminal Appeals Act, 18 U. S. C. § 3731, but also, as respects the first 45 counts, on a question of venue. We do not read the oral opinion of the District Court that way. We think the District Court rested its decision as respects all 101 counts on the construction of the statute. Whether there are other objections to the indictment which might also lead to dismissal is therefore not properly here on this appeal. See *United States* v. *Borden Co.,* 308 U. S. 188, 193.

tions. The Regulations provide in § 29.147–1, as we have noted, that a "return shall be made in each case on Form 1099, accompanied by transmittal Form 1096 showing the number of returns filed." The "form and manner" prescribed therefore seem to consist of the verified Form 1096 together with the Forms 1099. All of them together apparently constitute the "return" referred to in § 147 (a). The various Forms 1099 seem to have the same relation to Form 1096 as schedules have to an ordinary income tax return. Form 1099 supplies the details which underlie Form 1096. That conclusion is supported by the fact that Form 1096 is the only one which is signed and verified.

We hesitate to conclude that a failure to file an unverified schedule is given the same dignity as the failure to file the verified return. We are dealing with criminal sanctions in the complicated, technical field of the revenue law. The code and the regulations must be construed in light of the purpose to locate and check upon recipients of income and the amounts they receive. See S. Rep. No. 103, 65th Cong., 1st Sess. 20. But at the same time every citizen is entitled to fair warning of the traps which the criminal law lays. Where the "return" prescribed is a verified Form 1096 together with all the unverified Forms 1099 it does not seem fair warning to charge a person for more than the failure to make that return. To multiply the crimes by the number of Forms 1099 required to be filed is to revise the regulatory scheme. So far as these information returns are concerned, the purpose of § 145 (a) seems to us to be fulfilled when the sanction is applied only to a failure to file Form 1096.

*Affirmed.*