### UNITED STATES of America
### v.
### Ida Lee ROY.
### Crim. A. No. 1418.

United States District Court
D. Delaware.
Jan. 24, 1963.

480

Alexander Greenfeld, U. S. Atty., Wilmington, Del., for plaintiff.

Robert C. O'Hora and John P. Daley, Wilmington, Del., for defendant.

LAYTON, District Judge.

On January 12, 1962, Ida Lee Roy was charged (1) with engaging in receiving wagers for or on behalf of an unknown person engaging in the business of accepting wagers and wilfully failing to pay the special wagering occupational tax, in violation of Title 26, United States Code, Sections 4411 and 7203; (2) wilfully failing to register, contrary to Title 26, United States Code, Section 4412 and Section 7203; (3) and having failed to register, wilfully failing to pay the ten percent excise tax levied on wagers received by her, contrary to 26 United States Code, Sections 4401 and 7203.

At the conclusion of the Government's evidence, the Court on motion for directed verdict by the defendant, dismissed Count 2, relating to registration. After retiring to consider its verdict, the jury returned undecided and was dismissed as a hung jury.

On March 2, 1962, defendant filed a motion for judgment of acquittal under Rule 29 of the Criminal Rules on the ground that:

1. The evidence was insufficient to prove the element of wilfulness required by each count;

2. The verdict on each count as to the element of wilfulness was against the weight of the evidence.

The test applicable to a motion for judgment of acquittal is as follows. The Court scrutinizes the evidence, including all reasonable inferences to be drawn therefrom, from the point of view most favorable to the Government and assumes the truth thereof. If there is substantial evidence justifying an inference of guilt, irrespective of the evidence adduced by the defendant, the Court must deny the motion. United States v. Robinson, D.C., 71 F.Supp. 9; United

States v. Haynes, D.C., 81 F.Supp. 63, aff'd 173 F.2d 223 (3rd Cir.).

The defendant, although not seriously denying that she was engaged in the numbers racket, took the position that her conduct in accepting bets without having first purchased the $50 gambling tax stamp was not wilful for the reason that she was not aware of the necessity for such stamp. In order for a criminal act to be wilful, it must not only be committed deliberately and knowingly but with a bad motive or evil intent. United States v. Palermo (3rd Cir.), 259 F.2d 872. Simply stated, in order for the Government to convict here, it must prove beyond a reasonable doubt that this defendant deliberately committed one or more of the specified violations with the intention of getting away with it.

Inasmuch as the offenses charged here are misdemeanors, the Government is not held to such an exacting burden of proof as if there were felonies involved. Thus, in Spies v. United States, 317 U.S. 492, 497, 63 S.Ct. 364, 367, 87 L.Ed. 418, the Supreme Court of the United States had this to say:

"The difference between willful failure to pay a tax when due, which is made a misdemeanor, and willful attempt to defeat and evade one, which is made a felony, is not easy to detect or define. Both must be willful, and willful, as we have said, is a word of many meanings, its construction often being influenced by its context. United States v. Murdock, 290 U.S. 389 [54 S.Ct. 223, 78 L.Ed. 381]. It may well mean something more as applied to non-payment of a tax than when applied to failure to make a return. Mere voluntary and purposeful, as distinguished from acccidental, omission to make a timely return might meet the test of willfulness. * * * We would expect willfulness in such a case to include some element of evil motive and want of justification.

* * * * * *

"We think that in employing the terminology of attempt to embrace the gravest of offenses against the revenues, Congress intended some willful commission in addition to the willful omissions that make up the list of misdemeanors. Willful but passive neglect of the statutory duty may constitute the lesser offense, but to combine with it a willful and positive attempt to evade tax in any manner or to defeat it by any means lifts the offense to the degree of felony. * * *

"By way of illustration, and not by way of limitation, we would think affirmative willful attempt may be inferred from conduct such as keeping a double set of books, making false entries or alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or to conceal."

With these principles in mind, let us examine the record insofar as it concerns defendant's motion for judgment of acquittal as to Counts 1 and 3.

There was evidence that defendant, a high school graduate, had received 9 bets on 8 different occasions during November and December, 1961. When the establishment was raided, the premises yielded ample evidence of a betting establishment in the form of notes as to daily double numbers at Delaware Park, burned numbers slips, a cigar box with $85 therein, and a pocketbook containing $225, a "dream" book and two lucky "13" books.

As to the element of wilfulness, it was proved (1) that defendant in 1953 had filed an application for and purchased a $50 banker's stamp and that printed on the application signed by defendant was sufficient information to bring home to defendant the knowledge that a writer

could not operate without first purchasing a $50 gambling stamp; (2) that during the ensuing seven years up until the time of her arrest there were periodic newspaper releases and articles in the local papers indicating the necessity of purchasing a $50 gambling stamp before engaging in business as a writer; and (3) the defendant was operating her business secretly using a clothing store as a front.

In my judgment these facts, together with the reasonable inferences to be drawn therefrom, represented ample evidence from which a jury could have concluded that the defendant wilfully violated Count 1 of the indictment.

The same conclusion must be reached as to the second ground of the motion, that the verdict of guilty (had it actually been found) would not have been against the weight of the evidence. This is so because substantially the same evidence as hereinabove discussed is common to both grounds in support of defendant's motion.

However, the same result does not follow as to Count 3. The law requires a writer to purchase a $50 gambling stamp as we have seen. Section 4411. As a condition to the purchase of this stamp, the purchaser must register. Section 4412. Registration consists of the filling out and signing by the purchaser of an application form. This form requires certain information. If the purchaser is a writer, he must so state and also give the name of his principal in order that the Government may know from whom to collect the 10% tax on wagers. Operating as a writer without having purchased a $50 gambling stamp means that the writer has not registered and thus not disclosed the name of his principal or banker with the result that the Government is deprived of its source of collecting the 10% tax on wagers. Thus, for failure to register, Section 4401(c) renders the writer himself liable for 10% of all wagers accepted by him on behalf of his principal.

Now, these provisions are somewhat complicated and even for a trained lawyer it is not easy to dovetail the various applicable sections of the law. There is nothing on the registration form per se which clearly advises a writer that upon failure to register he becomes liable for the 10% tax on wagers received by him. Thus, when defendant registered as a principal in 1953 and signed her registration form, she received no real information from the form itself as to the penalty in case a writer failed to register. The mere fact that she was operating secretly behind the front of a clothing store does not necessarily indicate wilfulness as charged in Count 3 because it is just as easy to suppose that she held out the false front because of her failure to have the $50 gambling stamp charged in Count 1. The only means whereby the necessary knowledge, upon which a charge of wilfulness could be supported under Count 3, could have been brought home to defendant is by way of newspaper stories. But the testimony on this score is vague. The Government concedes that no official publications appeared in the press relating to this subject. There were a substantial number of articles over the years from which it could be gathered that a writer was required to purchase a $50 gambling stamp. However, only a few "touched on" the registration requirements and the ten percent excise tax obligation. The number of such articles was said to be a "few." A few could be as little as three. Moreover, there was no explanation as to what the words "touched on" meant. Such a term might mean but a vague reference to the tax required under Count 3. Of course, the Government was unable to prove directly that the defendant had ever read any of these "few" articles.

In my judgment, the Government has failed to prove beyond a reasonable doubt the necessary knowledge upon which to base a charge of wilfulness on defendant's part insofar as concerns Count 3.

A judgment of acquittal is rendered as to Count 3.