**UNITED STATES of America,**

**v.**

**John HONER and Mario Celano, Defendants.**

**No. 65 Cr. 1118.**

United States District Court
S. D. New York.

March 23, 1966.

---

14. 236 F.Supp. 229 (S.D.N.Y.1964).

15. World Brilliance Corp. v. Bethlehem Steel Co., 342 F.2d 362, 364–365 (2d Cir. 1965).

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, New York City, for United States of America;

Robert G. Morvillo, Asst. U. S. Atty., of counsel.

George P. Monaghan, New York City, for defendants; Irving Yedwab, New York City, of counsel. ,

WEINFELD, District Judge.

The defendants are charged with conspiracy to defraud the United States in "the ascertainment and collection of information used by the Internal Revenue Service in determining the tax liability of said defendants and of other people, and to violate section 7206(2) of Title 26, United States Code."[1]  The section in substance makes it an offense to aid, assist in, or procure the preparation or presentation of fraudulent or false information in connection with material matters required to be reported under the Internal Revenue laws.  The defendants are also charged with substantive violations of the same section.

The simple thrust of the conspiracy charge is that the defendants conspired to deprive the government of material information concerning their twin double winnings in excess of $600 at the Yonkers Raceway, Yonkers, New York, by paying other individuals to cash their winning tickets, in consequence of which their names and the amounts of their winnings did not appear on the information return, Form 1099, filed by the race track with the Internal Revenue Service, as required by section 6041(a) of Title 26, United States Code.[2]  This section imposes upon the race track, as the payer of the winnings, a duty to file information returns with the Internal Revenue

1.  26 U.S.C. § 7206 in part provides: "Any person who * * * (2) * * * willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document * * * shall be guilty of a felony * * *."

2.  26 U.S.C. § 6041(a) in part provides: "All persons * * * making payment * * * to another person, of rent, salaries, wages, premiums, annuities, compensations, remunerations, emoluments, or other fixed or determinable gains, profits, and income * * * of $600 or more in any taxable year * * * shall render a true and accurate return * * * setting forth the amount of such gains, profits, and income, and the name and address of the recipient of such payment."

Service as to payments in excess of $600, giving the names and addresses of the recipients.

■ The defendants attack the validity of the indictment upon various grounds. They claim that the individuals "who received the money gave their correct name and address to the official of Yonkers Raceway" and consequently the government was not deprived of true information. This contention really loses the point of the conspiracy charge, since the charge is that this was the very means allegedly used to deprive the Internal Revenue Service of the alleged true information, to wit, that in fact these defendants were the winners and the true recipients of the income paid out by the Raceway and that the subterfuge of causing another person to be listed as the winner was calculated to defeat the government in its tax collection rights.

■■ The situation here is no different than if A, entitled to salary or other income from a firm, with fraudulent intent caused B's name, instead of A's, to appear on the records of the payer firm, in consequence of which the latter filed an information return reflecting that the income payment was made to B. This simply is the use of B's name as a conduit or device to mislead the government and to deprive it of information that A is the true recipient of the income.[3] Since the basic charge is a conspiracy to deprive the government of essential income tax information to which it is entitled, it renders irrelevant the defendants' further argument that the race track has not as yet filed the information returns or

that the defendants themselves still have time to file their 1965 tax returns. The defendants, even were they to include the winnings which are the subject of the alleged conspiracy, could still be held to answer the conspiracy charge.[4]

■■ The defendants' motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure upon the ground that the indictment does not state facts sufficient to constitute an offense is denied. So, too, are their motions for inspection of the grand jury minutes[5] and to dismiss the indictment on the ground that no evidence was presented to the grand jury on which an indictment could be returned.[6] The grand jury minutes indicate that this contention is without substance.

The motion, insofar as it is based upon an alleged violation of the defendants' constitutional right against self incrimination under the Fifth Amendment is likewise denied. The allegations upon which this branch of their motion is made are without support.

## MOTION FOR BILL OF PARTICULARS

1. Set forth whether the government will claim that fraudulent and false information returns, Form 1099, were prepared and presented. If so, with respect to each substantive count, set forth a true copy thereof, to whom presented and the approximate date.

2. Set forth with respect to each substantive count in what respect, to the extent the government has knowledge, the names of the recipients of the income de-

---

3. Cf. United States v. Bruswitz, 219 F.2d 59, 62 (2d Cir.), cert. denied, 349 U.S. 913, 75 S.Ct. 600, 99 L.Ed. 1247 (1955).

4. Cf. United States v. Tutino, 269 F.2d 488, 491 (2d Cir. 1959); United States v. Abel, 258 F.2d 485, 489 (2d Cir. 1958), aff'd, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed. 2d 668 (1960).

5. See Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 399–400, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959); United States v. Kahaner, 203 F.Supp. 78, 86 (S.D.N.Y.1962); United States

v. Costello, 119 F.Supp. 159 (S.D.N.Y. 1954).

6. See Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), affirming, 221 F.2d 668, 677–679 (2d Cir. 1955); United States v. Cimino, 321 F.2d 509, 512 (2d Cir. 1963), cert. denied, 375 U.S. 974, 84 S.Ct. 491, 11 L.Ed.2d 418 (1964), and cert. denied sub nom. D'Ercole v. United States, 375 U.S. 967, 84 S.Ct. 486, 11 L.Ed.2d 416 (1964); United States v. Gibson, 310 F.2d 79, 82 (2d Cir. 1962).

rived from the payments were falsely stated, misrepresented and concealed.

3. Movants' item F, as to which the government consents, is granted.

4. Movants' item G is granted.

In all other respects the motion is denied, as is the motion for discovery and inspection, particularly since under item 1 of the bill of particulars defendants will receive copies of the information returns.