**UNITED STATES of America,
Plaintiff,**

v.

**Joseph A. RIZZO, Defendant.**

**Crim. A. No. 1993.**

United States District Court,
D. Delaware.

May 28, 1970.

F. L. Peter Stone, U. S. Atty., by Norman Levine, Asst. U. S. Atty., Wilmington, Del., for plaintiff.

Emmett J. Conte, Jr., Wilmington, Del., for defendant.

LAYTON, District Judge.

This opinion is to dispose of the three remaining grounds raised in the defendant's motion for acquittal under Rule 29(c).[1] These are:

(1) The government failed to establish that the 1099 Form contained false information;

(2) The government failed to prove that the defendant procured the filing of a false 1099 Form;

(3) The government failed to establish willfulness on the part of the defendant.

On a motion for acquittal, the trial judge must "determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt." "If the evidence * * portends to establish guilt beyond a reasonable doubt, it is for the jury to make the decision as to whether it actually does." Powell v. United States, 418 F.2d 470 (D.C. Cir. 1969). In this case, the evidence does portend to establish guilt beyond a reasonable doubt and, therefore, the case must be retried.

The defendant argues that the government was not defrauded because the 1099 Form contained the name and address of the recipient of the payment. In support of this argument, the defendant cites Treas.Reg. § 1.6041–6 to show that this information is the information which is required by the statute. This argument fails because it misconstrues the meaning and purpose of §§ 6041 and 7206(2). Despite the prior case of United States v. Blumberg, 258 F.Supp. 885 (D.Del.1966), I am convinced that the better law is stated by United States v. Haimowitz, 404 F.2d 38 (2 Cir. 1968). There, in response to the identical argument, the Court said:

"This argument, however, misconstrues the thrust of the charges against appellants and the purposes of sections 6041 and 7206(2). * * * The evidence at the trial showed that appellants were in fact the winners and true recipients of the payments made by the race tracks and that their scheme of causing the track to record another person as the winner was calculated to defeat the government in its tax collection. In these circumstances it is clear that the government has been defrauded within the meaning of section 7206(2)." 404 F.2d at 40.

This view of the purpose of Section 7206(2) is supported by Treas.Reg. § 1.6041–5, apparently overlooked by the defendant, which states:

"When a person receiving a payment described in Section 6041 is not the actual owner of the income received, the name and address of the actual owner shall be furnished upon demand of the person paying the income. * * * *"

■■ Section 6041 is intended to collect information about those who are entitled to and do receive income in the form of certain payments and, under the facts here, the issue was properly submitted to a jury to decide whether the defendant caused false information about his income to be submitted to the government by having another sign for his ticket and receive the money.

■■ The defendant's second argument, that there was no evidence to show that he assisted in or procured the preparation or presentment of a false return, fails also. Although the bulk of the evidence is circumstantial on this point, on a motion for acquittal, the evidence must be viewed in a light most favorable to the government and to give the government the benefit of all inferences which reasonably may be drawn in its favor; e. g., United States v. Frank, 151 F.Supp. 866 (W.D.Pa.1956), aff'd 245 F.2d 284 (3 Cir. 1957), cert. denied

---

1. The fourth point was disposed of in a memorandum opinion filed March 24, 1970, in which this Court held that under the facts of this case, a Form 1099 is filed when filled out and mailed by Brandywine Raceway.

355 U.S. 819, 78 S.Ct. 25, 2 L.Ed.2d 35 (1957). The evidence shows that the defendant was seen by Internal Revenue Service Agents near the cashiers' windows acting nervously. One John Carleo was observed by the agents cashing a Big E ticket. Carleo placed the money in his pocket and nodded to the defendant by moving his head to the side. The defendant and Carleo were observed walking together to a point around the corner from the cashiers' windows. Carleo was there observed paying money to the defendant. His testimony as to the number of tickets cashed that night is equivocal.[2] It seems clear he cashed at least one such ticket which is in evidence. As to this ticket, he signed as the actual winner, and at trial admitted that he had exchanged it for one other person who owned the ticket. From this evidence, the jury could infer that the defendant was the person who owned the ticket and asked Carleo to exchange it for him.

 Defendant's third contention is that there was insufficient evidence on the question of willfulness to submit to a jury. Again, I must disagree. Willfulness, as employed in a tax statute, has been held to mean intentional action with bad purpose; that is, a deliberate commission of the specified violation with the idea of evading taxes and with the intention of getting away with it. United States v. Palermo, 259 F.2d 872 (3d Cir. 1958); e. g., United States v. Roy, 213 F.Supp. 479 (D.Del.1963). In order to prove willfulness, it need not be proved that defendant had actually read the applicable statute. United States v. Carter, 311 F.2d 934 (6th Cir. 1963); American Surety Co. of New York v. Sullivan, 7 F.2d 605 (2d Cir. 1925). In the instant case, the evidence showed that the track notified its patrons by posters and programs that it was required to send to the Internal Revenue the names of the actual winners of over $600 for a two dollar bet. The defendant procured Carleo to cash his ticket when the defendant was able to cash it himself. For this service, Carleo testified, he kept a percentage of the winnings although the ticket was not his. The jury could infer from this that the defendant paid Carleo to collect his winnings in order to keep the Internal Revenue from learning his name and, thus, he willfully procured or assisted in the preparation or presentment of a false 1099 Form. While the proof as to this issue was purely circumstantial, it was sufficient to submit to a jury.

Defendant's motions are denied.

2. *See* Tr. 131–139, but see 141.