**UNITED STATES of America**

v.

**Joseph A. RIZZO, Appellant.**

**No. 19125.**

United States Court of Appeals,
Third Circuit.

Argued Feb. 4, 1971.

Decided March 17, 1971.

Emmett J. Conte, Jr., Wilmington, Del., for appellant.

Norman Levine, Asst. U. S. Atty., Wilmington, Del. (F. L. Peter Stone, U. S. Atty., Wilmington, Del., on the brief), for appellee.

Before McLAUGHLIN and VAN DU-SEN, Circuit Judges, and HANNUM, District Judge.

OPINION OF THE COURT

PER CURIAM:

This appeal is from a June 3, 1970, district court order, 313 F.Supp. 734, denying a Motion for Judgment of Acquittal, which was taken under advisement and was determined after the jury had been discharged due to its inability to reach a verdict, in a criminal prosecution for violation of 26 U.S.C. § 7206(2).[1]   After careful consideration, we have concluded that the above order of June 3, 1970, is not a "final decision"[2] under 28 U.S.C. § 1291 for

---

\* Of the Third Circuit, sitting by designation.

\*\* See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

1. The indictment charges that defendant "did willfully aid and assist in and procure the preparation and presentation of a return and document, to wit, Internal Revenue Form 1099, * * * which was false and fraudulent as to a material matter in that the name of the ultimate recipient of the income from the payment of a winning parimutuel 'Big Exacta' ticket by Brandywine Raceway was falsely stated, misrepresented and concealed. * * *"

2. In Berman v. United States, 302 U.S. 211, 212–213, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937), the Court said:
 Final judgment in a criminal case means sentence.   The sentence is the judg-

the reasons stated in Gilmore v. United States, 264 F.2d 44 (5th Cir.), cert. denied, 359 U.S. 994, 79 S.Ct. 1126, 3 L. Ed.2d 982 (1959). See also Mack v. United States, 274 F.2d 582 (D.C.Cir.), cert. denied, 361 U.S. 916, 80 S.Ct. 262, 4 L.Ed.2d 361 (1959); United States v. Swidler, 207 F.2d 47 (3d Cir.), cert. denied, 346 U.S. 915, 74 S.Ct. 274, 98 L. Ed. 411 (1953).

The appeal will be dismissed, and the mandate issue forthwith.

---

ment. * * * The sentence was not vacated. It stood as a final determination of the merits of the criminal charge. To create finality it was necessary that petitioner's conviction should be followed by sentence * * *. In criminal cases, as well as civil, the judgment is final for the purpose of appeal "when it terminates the litiga-

tion * * * on the merits" and "leaves nothing to be done but to enforce by execution what has been determined."