**UNITED STATES of America**

v.

**Louis SALERNO.**

**Crim. No. 14755.**

United States District Court,
M. D. Pennsylvania.

Aug. 16, 1971.

S. John Cottone, U. S. Atty., Scranton, Pa., for plaintiff.

John Morano, Scranton, Pa., for defendant.

## OPINION

MUIR, District Judge.

The defendant, Louis Salerno, was charged in a four-count indictment with certain illegal transactions at Pocono Downs Race Track, Luzerne County, Pennsylvania. The case was tried by the court sitting without a jury. The defendant was found guilty of committing the offenses charged in Counts 1 and 3 of the indictment. Before the court is the defendant's motions for judgment of acquittal and for a new trial.

Count 1 of the indictment charged that the defendant in violation of 26 U.S.C. § 7206(2) on June 30, 1969, at the Pocono Downs Race Track willfully and knowingly did aid and assist in the preparation of a United States Information Return which was false and fraudulent. The evidence disclosed the following facts relative to this charge.

Pocono Downs, like many race tracks, runs as part of its daily racing schedule the Big Exacta, or as it is commonly known, the Big E. In order to win the Big E, the bettor is required to pick the first and second-place finishers in that sequence in two successive races. When the payoff for winners of the Big E exceeds six hundred dollars, the winner is required to fill out an I.R.S. Information Return, Form 1099, which is subsequently filed by the race track officials with the I.R.S. pursuant to 26 U.S.C. § 6041 (a).

At the trial, an agent of the I.R.S. testified that on that evening in question

he observed the defendant in the line at the window where the "Big E" winners were collecting their winnings. He testified that he saw a man wearing a gold coat give the defendant some tickets, move to a position some thirty feet from the window, whereupon the defendant cashed the tickets and filled out the 1099 form. Later, he saw Salerno walk toward the man who had given him the tickets. The agent then went to the window to obtain the 1099 form that the defendant had filled out.

Another agent of the Internal Revenue Service testified that he was standing in the line of "Big E" winners directly behind a man later identified as Lee Templer. He stated that the defendant was farther up the line, but came back to Templer. A conversation ensued following which Templer handed the defendant two or three tickets. The two proceeded through the line, and when they got to the cashier, the defendant posed as the winner and proceeded to fill out the 1099 form. The agent testified that over $2,500.00 was paid the defendant who turned over money to Templer thirty feet from the window. Subsequently, the agent stated, the defendant moved to another man wearing a gold coat to whom he also gave some money.

The defendant took the stand in his own defense, and testified that the tickets he had cashed on June 30, 1969, were his own. No other witnesses appeared for the defense.

In his motion for judgment of acquittal, the defendant contends that there was insufficient evidence to support the verdict of guilty on Counts 1 and 3. I cannot agree.

In my view the evidence clearly supports the conclusion that on June 30, 1969, the defendant cashed at least three "Big E" winning tickets; that these tickets belonged to others and that the information supplied the cashier and placed on Form 1099 was false.

Additionally, the defendant contends that as a matter of law, no crime was committed under U.S.C. § 7602(2) and 18 U.S.C. § 1001, citing United States v. Blumberg, 258 F.Supp. 885 (D.Del. 1966). While Blumberg may support defendant's contention, the judge reversed his position in United States v. Rizzo, 313 F.Supp. 734 (D.Del.1970).

The United States Court of Appeals for the Second Circuit ruled in United States v. Haimowitz, 404 F.2d 38 (1968) that where the evidence showed that the defendants were the real winners at the race tracks and that their scheme of causing the track to record others as the winners was calculated to defeat the government in its tax collection, the government had been defrauded within the meaning of 26 U.S.C. § 7602(2).

■■■ This section was intended to help the government locate and check upon recipients of income and the amounts they receive. United States v. Haimowitz, *supra*. The defendant's activity of June 30, 1969, was an attempt to thwart that purpose. Accordingly, it is my conclusion that the defendant is guilty as a matter of law of the substantive offenses charged in Counts 1 and 3 of the indictment.

■■■ Defendant's final argument is that he cannot be found guilty of aiding and abetting in violation of 18 U.S.C. § 2, unless it is established by competent evidence that there is also a guilty principal.

In United States v. Provenzano, 334 F.2d 678 (3d Cir. 1964), the Court stated the rule to be that in order to convict a defendant of aiding and abetting the commission of a substantive offense, the proof must establish that the crime in question was committed by someone and that the person charged aided and abetted its commission. The Court specifically held that it was not a prerequisite to the conviction of the aider and abettor that the principal be convicted or even, in fact, identified.

Finding no merit to defendant's assignments of error, the motions for judgment of acquittal or for a new trial will be denied.