**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Riley James LINCOLN and Charles R.
Norwid, Jr., Defendants-Appellants.**

**No. 72-2684**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 6, 1973.

Rehearing Denied March 7, 1973.

Joseph D. Farish, Jr., Robert L. Saylor, West Palm Beach, Fla., for defendants-appellants.

Robert W. Rust, U. S. Atty., Charles Farrar, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

THORNBERRY, Circuit Judge:

The convictions in this case arise from activities at the Palm Beach Kennel Club, West Palm Beach Florida, where dog races are held and betting spectators, we learn from the briefs, may win considerable sums of money. The Commissioner of Internal Revenue, anxious lest any sizeable portion of these winnings escape his tax bite, requires winning ticket-holders to submit information returns [1] when cashing tickets for over $600 and furnishes Internal Revenue Service Form 1099 for this purpose. To avoid the Commissioner's Form 1099 snare some winning ticket-holders turn to a race track figure commonly known as a "ten percenter," who, for a fee amounting to ten percent of the winnings, cashes tickets for others and completes the required Form 1099 under an assumed name using false identification. Such attempts to throw the Commissioner off the scent are illegal under 26 U.S. C.A. § 7206(2), which proscribes knowingly procuring the presentation of materially false information in connection with matters arising under the internal revenue laws.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. See Int.Rev.Code of 1954, § 6041, 26 U.S.C.A. § 6041.

Appellants Lincoln and Norwid were convicted below for their alleged activities as ten percenters and in aid of ten percenters. Specifically, appellants were convicted below of (Count I) conspiracy[2] to procure the submission of false information to the Internal Revenue Service in violation of 26 U.S.C.A. § 7206(2) and of committing substantive § 7206(2) violations (Count III) on April 2, 1971, and (Count V) on April 14, 1971. Norwid was fined $3,000 under Count I and received concurrent sentences of one month's confinement and probation for seventeen months for each of Counts I, III, and V. Lincoln alone was convicted of three additional counts (Counts II, IV, and VI) of violating § 7206(2). He was fined $2,000 and sentenced to three months' confinement under Count I and received concurrent eighteen-month probated sentences under Counts II through VI.

On appeal Norwid challenges the sufficiency of the evidence to support his conviction, and both appellants argue that prejudicial remarks of the district judge made the trial unfair and that the indictment allegations concerning falsification of Forms 1099 were not proved since all forms in the case were printed by the race track management rather than the Internal Revenue Service.

■ Viewing the evidence in the light most favorable to the government, United States v. McGlamory, 5th Cir. 1971, 441 F.2d 130, we conclude that it was sufficient to support appellant Norwid's conviction. As to Count I, the conspiracy count, it was shown that Norwid conversed and associated with Lincoln at the race track; that he pointed out a winning ticket-holder to Lincoln, who offered his services as a ten percenter to the ticket-holder and then reported back to Norwid the results of the unsuccessful solicitation; and that on one occasion Norwid gave Lincoln a winning ticket, which the latter cashed illegally, and received from him a portion of its proceeds. These acts furnish an ample basis on which a jury might rationally infer the existence of a conspiracy beyond a reasonable doubt. Since the sentences under Counts III and V run concurrently with the sentence under Count I, we need not consider the sufficiency of the evidence to support the conviction on Counts III and V. Lawn v. United States, 1958, 355 U.S. 339, 359, 78 S.Ct. 311, 323, 2 L.Ed.2d 321; United States v. Moseley, 5th Cir. 1971, 450 F.2d 506.

■ We have carefully reviewed the remarks of the district judge which are said to have rendered the trial unfair, and we do not believe they are of such a character as to require reversal. We note that most of the statements complained of were made out of hearing of the jury.

■ Finally, we find no merit in appellants' claim that the proof failed to conform to the allegations in the indictment. While it is true that the Forms 1099 used at the race track were not official Internal Revenue Service forms and that the indictment apparently referred to official forms, the track forms were identical to the official forms except for the addition of a few blanks. All who dealt with the track forms, including the Internal Revenue Service, treated them as official ones. Under these circumstances we do not regard the proof of falsification of non-official forms, rather than falsification of official ones, as materially at variance with the allegation.

The judgment of the district court is affirmed.

2. 18 U.S.C.A. § 371.