**UNITED STATES of America,**
**Appellee,**

**v.**

**Paul J. DUMAINE, Defendant,**
**Appellant.**

**No. 73-1255.**

United States Court of Appeals,
First Circuit.

Submitted March 4, 1974.

Decided March 29, 1974.

Harvey Brower, Lawrence, Mass., on brief for appellant.

James N. Gabriel, U. S. Atty., and Wayne B. Hollingsworth, Asst. U. S. Atty., on brief for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

Appellant, convicted of two counts of willfully procuring the aid and assistance of another in the preparation and presentation of a fraudulent and false Internal Revenue Service Information Return (Form 1099), in violation of 26 U.S.C. § 7206(2), contends on appeal that the court erred in denying his motion for acquittal and failing to instruct the jury as to the proper law.

At trial two witnesses testified that the appellant had asked them if they would each cash a twin-double winning ticket for payment at the teller's window of a dog track, using their own names, in return for twenty dollars each. They accepted the offer, presented the tickets for payment, and signed Internal Revenue Service Forms 1099, as required by 26 U.S.C. § 6041(a), which provides, in part, that:

"All persons . . . making payment . . . to another person, of . . . emoluments or other fixed or determinable gains . . . of $600 or more in any taxable year . . . shall render a true and accurate return . . . setting forth the amount of such gains, profits, and income, and the name and address of the recipient of such payment."

The teller did not ask the two whether they were the actual owners of the tickets. Nor did the teller or the dog track notify its patron by posters or programs that it was required to send the Internal Revenue Service only the names of actual winners.

Appellant claims that, since 26 U.S.C. § 6041 requires the name and address of the "recipient" of such payments, there was nothing illegal about procuring someone other than the actual owner of the ticket to make presentation and give his own name and address as the "recipient" of the payment. Appellant argues that, before criminal liability could attach, it was incumbent upon the teller to demand the name of any person, other than the one presenting the ticket, who was the actual recipient of the income. United States v. Blumberg, 258 F.Supp. 885 (D.Del.1966). Alternatively, appellant argues that, since the dog track failed to notify its patrons that it was required to send only the names and addresses of "actual" winners to the Internal Revenue Service, the requirements of 26 U.S.C. § 6041 were fulfilled by filing the name and address of the "recipient" who presented the ticket at the window. Thus, according to appellant, the trial court erred in denying his motion for acquittal, and in failing to instruct the jury that the law required the teller to ask for the name of the actual winner.

We find no merit in appellant's arguments. To argue that the government was in no way defrauded or deprived of information it was entitled to receive because 26 U.S.C. § 6041(a) only requires the filing of the name and address of the person who presents the ticket misconstrues the purpose of 26 U.S.C. § 6041. It is well settled that this statute is intended to help the government locate and check upon recipients of income, and the amounts they receive. United States v. Carroll, 345 U.S. 457, 73 S.Ct. 757, 97 L.Ed. 1147 (1953); United States v. Haimowitz, 404 F.2d 38 (2d Cir. 1968); S.Rep.No.103, 65th

Cong., 1st Sess. 20 (1917). Such a purpose would be defeated if the actual recipient of the income could camouflage his gain by simply hiring someone else to act as a conduit.

 The teller was under no obligation to ask for the name and address of the actual recipient of the income. It was reasonable for him to assume that, unless notified otherwise, the person presenting the ticket would be the actual recipient of the income. The rule enunciated in *Blumberg*, cited by appellant, requiring a demand by the teller, was specifically refuted by the same court that first devised it, United States v. Rizzo, 313 F.Supp. 734 (D.Del.1970), appeal dismissed, 439 F.2d 694 (3d Cir. 1971), and we choose not to follow it today.

 Whether or not patrons received actual notice of the requirement for name and address of actual recipients is relevant only to the question of willfulness. United States v. Rizzo, *supra*.

26 U.S.C. § 7206 provides, in part, that:

"Any person who . . .

(2) . . . [w]illfully aids or assists in, or procures, counsels, or advises the preparation or presentation . . . of a return . . . which is fraudulent or is false as to any material matter . . . shall be guilty of a felony . . . ."

Thus, the sole question presented is whether there was enough evidence on which a jury could have made a finding of willfulness. At trial appellant testified that he frequently attended races at the dog track and had, on several occasions, presented his own winning tickets for payment, whereupon his name and address had been filled out on Form 1099. He understood that the form had to be filled out before payment could be made, and that the form would be forwarded to the Internal Revenue Service for their tax records. He also said he understood that if someone else were to present appellant's winning ticket for payment, and give their own name and address instead of appellant's name and address, the Internal Revenue Service would have no record of appellant's winnings. Appellant paid twenty dollars to each of two persons in return for their agreement to present his winning tickets for payment. We think that there was sufficient evidence on which a jury could have based its finding of willfulness.

Affirmed.