532 F.2d 752
 76-1 USTC P 9192
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
United States of America, Appellee
v.
William M. Metcalf, a/k/a Pete Metcalf, Appellant.
 No. 75-1369.
 United States Court of Appeals, Fourth Circuit.
 Jan. 27, 1976.
 
 Before HAYNSWORTH, Chief Judge, and FIELD and WIDENER, Circuit Judges.
 
 PER CURIAM
 
 1
 William M. Metcalf has appealed from a jury verdict that he violated 26 U.S.C. Sec. 7206(2) by falsely completing a tax information return to be presented to the government by Bowie Race Course in Maryland. On appeal Metcalf urges that the government failed to prove that he had aided in the presentation of a false document within the meaning of Section 7206(2), and that the trial judge abused his discretion in imposing sentence.
 
 
 2
 It is undisputed on appeal that Metcalf obtained a winning ticket from its owner, George Babbitt, at Bowie Race Course, and completed an Information Return Form 1099 at the cashier's window which indicated that he (Metcalf) was the winning bettor, and delivered the proceeds of the bet to Babbitt less a ten percent fee. The race course is required by 26 U.S.C. Sec. 6041(a) to identify any individual who receives more than $600 on a winning ticket in order that the government will have some means for detecting any failure of the bettor to include such winnings in his annual reported income. Bowie Race Course complies with this procedure by requiring bettors to complete the information return Form 1099 before it will cash winning tickets. By cashing tickets for the winning bettors and completing the information returns in his own name, a "ten percenter" such as Metcalf enables the winning bettor to avoid reporting significant gambling income. The "ten percenter" then scavenges losing tickets to enable him to claim that his gambling losses offset the income reported by him on the 1099 Forms. See Int.Rev.Code of 1954, Sec. 165(d), (wagering losses deductible to extent of wagering gains).
 
 
 3
 Metcalf contends that he cannot be convicted of violating Section 7206(2) on proof that he falsely prepared a Form 1099 because the statute is directed against aiders and abettors, not those who themselves prepare false documents. This argument overlooks the plain language of the statute which proscribes aiding in the presentation of a false document.[1] Bowie Race Course was required to present the Form 1099 to the United States, and Metcalf, by completing the form to indicate that he owned a winning ticket, aided in the presentation of a false document by falsifying it. The statute specifically excludes any requirement that the one required to present the document be aware of or consent to its falsification. "Ten percenters" typically have been prosecuted for conspiracy to violate section 7206(2). E.g., United States v. Lincoln, 472 F.2d 1183 (5 Cir.1973); United States v. Kessler 449 F.2d 1315 (2 Cir.1971); United States v. Gisehaltz, 278 F.Supp. 434 (S.D.N.Y.1967). Nonetheless, they also have been prosecuted successfully for the substantive offense of violating the section. See United States v. Salerno, 330 F.Supp. 1401 (M.D.Pa.1971).
 
 
 4
 Metcalf's second argument on appeal is that the trial judge abused his discretion in sentencing him to prison for one year.[2] It is argued that the sentence resulted in part from the fact that the trial judge allowed the government to present allegations at the sentencing proceeding of extensive uncharged prior criminal activity by Metcalf. The trial judge stated specifically, however, that he refused to consider those allegations in setting Metcalf's sentence because he believed that the government should not be allowed to rely upon such allegations without having proven them in a criminal trial. There is likewise no merit to Metcalf's contention that an abuse of discretion should be found because others convicted of similar offenses in the same district have not been imprisoned. See United States v. Bowser, 497 F.2d 1017 (4 Cir.), cert. denied, 419 U.S. 857 (1974). Nor do we perceive any abuse of discretion in the fact that the trial judge considered Metcalf's conduct particularly offensive because of the fact that Metcalf had once served as an agent for the Treasury Department and had prosecuted others for violations similar to that of which he stood convicted. Finally, it is well settled in this circuit that a trial judge does not abuse his discretion by augmenting a sentence because the defendant offered a perjured defense. United States v. Baines, No. 74-1214 (4 Cir., August 5, 1975).
 
 
 5
 Accordingly, we dispense with oral argument and affirm the judgment of the district court.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Section 7206(2) provides:
 "Any person who
 * * *
 (2) Aid or assistance.--Wilfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document * * * *
 Int.Rev.Code of 1954, Sec. 7206(2).
 
 
 [2]
 The maximum imprisonment that may be imposed for violation of the section is three years. Int.Rev.Code of 1954, Sec. 7206. So long as the sentence imposed is within the statutory maximum, the sentencing court has broad discretion. United States v. King, 420 F.2d 946, 947 (4 Cir.), cert. denied, 397 U.S. 1017 (1970)