UNITED STATES of America

v.

**Florent LA HAYE, Appellant.**

No. 76–1872.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit Rule
12(6) Jan. 7, 1977.

Decided Jan. 17, 1977.

---

* Honorable William W. Knox, of the United States District Court for the Western District of Pennsylvania, sitting by designation.

1. § 7206. *Fraud and false statements*
   Any person who—

   . . . . .

   *(2) Aid or assistance.*—Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the in-

I. Leonard Hoffman, Benjamin L. Winderman, Philadelphia, Pa., for appellant.

David W. Marston, U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., Chief, Appellate Section, Louis J. Ruch, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before ALDISERT and WEIS, Circuit Judges, and KNOX,* District Judge.

OPINION OF THE COURT

PER CURIAM.

Florent La Haye appeals from a judgment of conviction imposed for violation of 26 U.S.C. § 7206(2).[1] The primary question presented is whether the true owner of a winning ticket at the horse races has willfully procured or assisted in the presentation of a false return in contravention of § 7206(2) when he arranges for another person (a so-called "ten percenter") to cash his ticket for him, giving the other person's name and address instead of the winner's on the required Information Return, Form 1099.

The leading case in the area is *United States v. Haimowitz*, 404 F.2d 38 (2d Cir. 1968), in which the Second Circuit stated:

Appellants' main contention appears to be that because the persons to whom the proceeds of the winning tickets were paid gave their correct names and addresses to the race track, the government was in no way defrauded or deprived of information it was entitled to receive. This argument, however, misconstrues the thrust of the charges against appellants and the purpose of sections 6041 and 7206(2).

ternal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document; . . . .

It is indisputable that section 6041 is intended to help the government locate and check upon recipients of income and the amounts they receiv[ed]. See *United States v. Carroll*, 345 U.S. 457, 73 S.Ct. 757, 97 L.Ed. 1147 (1953) . . . . The evidence at the trial showed that appellants were in fact the winners and true recipients of the payments made by the race tracks and that their scheme of causing the track to record another person as the winner was calculated to defeat the government in its tax collection. In these circumstances it is clear that the government has been defrauded within the meaning of section 7206(2). See *United States v. Honer*, 253 F.Supp. 400 (S.D.N.Y.1966).

404 F.2d at 40. At least three other circuits have paralleled the reasoning of *Haimowitz* in similar situations. *United States v. Metcalf*, 532 F.2d 752 (4th Cir. 1976); *United States v. Dumaine*, 493 F.2d 1257 (1st Cir. 1974); *United States v. Lincoln*, 472 F.2d 1183 (5th Cir. 1973).

Appellant would have us disregard this line of authority and accept instead the reasoning of *United States v. Kanishock*, Crim.No. 69–382 (E.D.Pa.1970), an unpublished opinion which relied upon *United States v. Blumberg*, 258 F.Supp. 885 (D.Del. 1966). The *Blumberg* court had interpreted the relevant statute and regulations as requiring that, in order for the court to find that a "ten percent" transaction was fraudulent, the race track must have specifically demanded that the person cashing the check supply information regarding the true winner. What appellant overlooks is that Judge Layton, the author of *Blumberg*, completely reversed himself in the subsequent decision of *United States v. Rizzo*, 313 F.Supp. 734 (D.Del.1970), *appeal dismissed*, 439 F.2d 694 (3d Cir. 1971). *Rizzo* embraced the reasoning of *Haimowitz, supra*. Thus, we see no reason to depart here from the controlling interpretation offered by courts of appeals in the *Haimowitz* line.

Appellant argues that, under the circumstances, the most he should be charged with is a misdemeanor under 26 U.S.C. § 7203, rather than a felony under § 7206(2). In arguing that the provisions of the latter statute and its accompanying regulations are inexplicit and ambiguous, appellant, again, casts misplaced reliance upon *Kanishock, supra*. The government counters, and we agree, that the three essential elements of the substantive felony were present here: appellant assisted in the transaction; the information return was false as to a material matter; and appellant acted unlawfully, knowingly, and willfully. *See United States v. Gisehaltz*, 278 F.Supp. 434, 438 (S.D.N.Y.1967). We accept that definition of "willful" which was presented by the court in *Rizzo, supra*:

Willfulness, as employed in a tax statute, has been held to mean intentional action with bad purpose; that is, a deliberate commission of the specified violation with the idea of evading taxes and with the intention of getting away with it. In order to prove willfulness, it need not be proved that defendant had actually read the applicable statute. In the instant case, the evidence showed that the track notified its patrons by posters and programs [here, the official program] that it was required to send to the Internal Revenue the names of the actual winners . . . .

313 F.Supp. at 736 (citations omitted).

Finally, after considering appellant's contention that the court below erred in its charge to the jury, we find that the charge was fair and proper.

The judgment of the district court will be affirmed.