**In re Edward W. McATEE, Debtor.**

**No. C 89–0159.**

United States District Court,
N.D. Iowa,
Cedar Rapids Division.

April 18, 1990.

Kevin Shea, Cedar Rapids, Iowa, for debtor.

Kristin Tolvstad–Davis, Asst. U.S. Atty., Cedar Rapids, Iowa, Roger Bracken, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for the U.S.

## ORDER

HANSEN, District Judge.

This matter is before the court on appellant United States of America's appeal, filed November 6, 1989, from a decision of the bankruptcy court, entered September 12, 1989, denying the Internal Revenue Service's priority claim for personal income withholding taxes, Federal Insurance Contributions Act (FICA) taxes, and Federal Unemployment Tax Act (FUTA) taxes assessed against the debtor for calendar year 1985 and for the first quarter of 1986, along with all interest and penalties. Debtor resists the appellant's appeal and urges this court to affirm the bankruptcy court. Both sides have filed briefs outlining their arguments.

A bankruptcy court's findings of fact will not be set aside on appeal unless clearly erroneous. Bankruptcy Rule 8013. However, review of questions of law is de novo. *Matter of Newcomb*, 744 F.2d 621, 625 (8th Cir.1984). Appellant does not dispute any of the bankruptcy judge's specific findings of fact. Appellant does present for decision several issues upon which appellant contends the bankruptcy judge erred as a matter of law. The bankruptcy judge's basic findings of fact are set forth in his order of September 12, 1989, at 1–7, and will not be repeated here.

The bankruptcy judge found that the debtor was protected by Section 530 of the Revenue Act of 1978, Pub.L. 95–600, 92 Stat. 2763, 2885–86 (Nov. 6, 1978) (as amended), regardless of the drivers' actual status as employees or independent contractors. That statute is reproduced in the order of September 12, 1989, at pages 9–10. The statute essentially provides that, even if the debtor's workers are considered employees under the common law standard, the debtor will nonetheless escape employment tax liabilities if certain conditions are met. Generally those conditions are whether the taxpayer consistently treated his workers as independent contractors and had a reasonable basis for so treating them.

■ At the outset, the court must decide which party bore the burden of proof in the bankruptcy court on the question of whether debtor is entitled to the protection of Section 530. While the bankruptcy judge's opinion does not explicitly state who bore the burden, it appears from the discussion in the order that the court correctly required the appellee debtor to establish that he was entitled to the protection of Section 530. Appellee argues that Bankruptcy Rule 3001(f) provides that the filing of a proof of claim constitutes prima facie evidence of the validity of the claim. The debtor must then submit sufficient evidence to rebut the prima facie case, and then the burden is on the claimant to prove the claim. However, the debtor's initial liability for the various employment taxes, based on whether the workers were employees (liability) or independent contractors (no liability), was not decided by the bankruptcy court. Rather the bankruptcy court found that the debtor was entitled to the protection of Section 530 irrespective of whether the workers were employees or independent contractors. As Section 530 is essentially a defense to an otherwise valid claim, the court finds that the burden of showing entitlement to the protection of Section 530 properly rests on the debtor, the party claiming that protection.

Appellant's first two arguments are that the bankruptcy court erred in holding that the debtor had established that his drivers were consistently treated as independent contractors, and that the debtor had filed all of the federal tax returns required, in order to entitle him to relief from employment tax liability pursuant to Section 530. The bankruptcy court essentially found that the relevant time period was calendar year 1985 and the first quarter of 1986. The bankruptcy court also found that the fact that the debtor began treating his drivers as employees on April 1, 1986, did not prevent the debtor from qualifying for relief under Section 530. *See* order of bankruptcy court, filed September 12, 1989, at 11; Rev. Proc. 85–18 § 3.04, 1985–1 C.B.

518, 1985–13 I.R.B. 27. The bankruptcy court further found that evidence as to how debtor's drivers were treated during the calendar years 1983 and 1984 was irrelevant. *See* order of bankruptcy court, filed September 12, 1989, at 12 ("The Court is not surprised that there was no evidence presented by the Debtor (or by the IRS, for that matter) as to how the Debtor's drivers were compensated during calendar years 1983 and 1984, as those time periods were not in dispute."). The bankruptcy court held that, during the relevant time period of 1985 and the first quarter of 1986, the debtor consistently treated his drivers as independent contractors and filed all proper federal tax returns. *Id.*

■ Appellant argues that, under the terms of the statute, the debtor must show more than the consistent treatment of the drivers as independent contractors during 1985 and the first quarter of 1986 and the filing of all appropriate federal tax returns during that time period. Appellant contends that, under the facts of this case, the debtor also must show consistent treatment and the filing of appropriate tax returns prior to 1985, since he began using drivers for his trucks in 1983. The only evidence regarding debtor's treatment of his drivers during 1983 and 1984, was the debtor's testimony that, with respect to the two drivers he hired in 1983, he did not remember whether he paid them wages and withheld taxes and FICA. Debtor testified, "Maybe I did, but I don't remember ever doing it." Tr. of hearing on objection to proof of claim, April 18, 1989, at 15.

The court agrees with appellant that Sections 530(a)(1)(A) and 530(a)(3) require that the debtor must show that he did not treat any individual as an employee prior to 1985. Appellee essentially concedes this point. *See* appellee's brief, filed December 7, 1989, at 9–10. Section 530(a)(1)(A) currently states that one condition of relief under the Act is that "the taxpayer did not treat an individual as an employee for *any period.*" (emphasis added).[1] Section

---

1. Section 530 as originally enacted contained the words "ending before January 1, 1980" after "any period." This date was omitted by Section

269(c) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. No. 97–248, 96 Stat. 324, 552 (Sept. 3, 1982).

530(a)(3) provides that relief is not available "if the taxpayer (or a predecessor) has treated any individual holding a substantially similar position as an employee for purposes of the employment taxes for *any period.*" (emphasis added).[2]

Section 530(a)(1)(B) provides that "[i]f, in the case of periods after December 31, 1978, all Federal tax returns ... required to be filed by the taxpayer with respect to such individual for such period are filed on a basis consistent with the taxpayer's treatment ..., then ..." The court agrees with appellant and finds that this provision requires that returns for *all* periods (after December 31, 1978), and not just those for which the IRS claims taxes are owed, must be examined for consistent treatment.

Appellee argues that the words "such period" in Section 530(a)(1)(B) requires the consistent filing of all Federal tax returns for "such periods" as are in dispute. This court reads the words "such period" as referring to "periods after December 31, 1978." Section 530(a)(1), when read as a whole, requires, with respect to an individual, that (A) the taxpayer has not treated that individual (or any individual in a substantially similar position—Section 530(a)(3)) as an employee for *any period,* and (B) for periods after December 31, 1978, all federal tax returns required to be filed by the taxpayer with respect to that individual for each "such period" are consistent in that the individual is not treated as an employee. If these two conditions are met, then the individual will be deemed to not be an employee unless "the taxpayer had no reasonable basis for not treating such individual as an employee." Section 530(a)(1). The definition of "reasonable basis" is set forth in Section 530(a)(2). Consequently, the debtor must show that he (A) did not treat any of his drivers as an employee between the time he took them on in 1983 through the first quarter of 1986, and (B) that all required Federal tax returns during this time frame were consistent with treatment of the drivers as independent contractors. The debtor did not make

such a showing for the years 1983 and 1984.

Appellant's other arguments are that the bankruptcy court erred in finding that the debtor had a reasonable basis for not treating the drivers as employees in that (1) he reasonably relied on a "long-standing recognized practice of a significant segment of the industry in which such individual was engaged" within the meaning of Section 530(a)(2)(C), and (2) the debtor reasonably relied on the advice of his accountant. The evidence of the debtor's reliance on a "longstanding recognized practice of a significant segment" of the trucking industry consists of the debtor's testimony regarding his personal experience in the trucking business. The bankruptcy judge concluded that the debtor could rely on his 14 years of experience and that "[t]o hold otherwise, to require the Debtor to examine nationwide, or even statewide trucking employment practices in satisfaction of Section 530(a)(2)(C) would be unduly burdensome; to demand such a showing by a small operator like the Debtor would thwart congressional intent." Order of bankruptcy court, filed September 12, 1989, at 14. The bankruptcy judge found that the debtor had been exposed to a significant segment of the industry through his daily travels and experiences. *Id.*

■  Appellant argues that the debtor's personal experience was not within "a significant segment of the industry." Appellant contends that the relevant "segment" or "industry" is generally nationwide trucking, perhaps segmented based on type, size or geographic region, not what the debtor knew from his allegedly "limited" experience. The only case discussing the meaning of "a significant segment of the industry" is *General Inv. Corp. v. United States,* 823 F.2d 337 (9th Cir.1987).

Section 530 of the Revenue Act of 1978 does not define "industry." Nor does the Act's extensive legislative history shed light directly on how Congress intended the term to be construed. Congress' overall purpose in passing the leg-

---

**2.** This section also previously contained a date
restriction similar to Section 530(a)(1)(A).

islation does offer some guidance, however.

Without question, Congress intended to protect employers who exercised good faith in determining whether their workers were employees or independent contractors. Section 530(a)(2)(C) is but one way for an employer to prove it had a "reasonable basis" for not treating its workers as employees for tax purposes. Rev. Proc. 78–35 § 3.01, 1978–2 C.B. 536. The legislative history specifies that "reasonable basis" is to be "construed liberally in favor of taxpayers." H.R. Rep. No. 1748, 95th Cong., 2d Sess. 5, 1978–3 C.B. (Vol. 1) 629, 633; *see American Institute of Family Relations*, 79–1 U.S.T.C. (CCH) Para. 9364 (C.D.Cal. 1979). The IRS has embraced Congress' liberal construction directive in its procedural guidelines for § 530. Rev. Proc. 78–35 § 3.01, 1978–2 C.B. 536; *see Ridgewell's, Inc. v. United States*, 228 Ct.Cl. 393, 655 F.2d 1098 (1981).

*General Inv.*, 823 F.2d at 340. In *General Inv.*, the Ninth Circuit rejected the argument of the IRS that the relevant industry segment was all mining businesses nationwide or at a minimum all small mining businesses. *Id.* The court found that several dozen small mining operations located in the same county as the debtor mining concern was sufficient to constitute a "significant segment of the industry." *Id.* Based on the discussion in *General Inv.* the court finds that it is not necessary for the debtor to provide evidence of the practices of nationwide trucking firms. However, the court finds that the sparse evidence of record regarding debtor's personal observations is insufficient as a matter of law to meet debtor's burden of showing the practices of a "significant segment of the industry."

The court leaves it to the bankruptcy court to define the relevant "significant segment of the industry" and to determine what proof is necessary to show the practices of the chosen segment. In *General*

*Inv.*, the operator of the mine at issue and the operator of another local mine "testified that they always hired laborers as independent contractors" and that their impression, based on "their roles as officers of a county-wide mining trade association" and "meetings with mine owners and numerous visits to other mines" was that other mine operators did the same. *General Inv.*, 823 F.2d at 341. Based upon this testimony and a few other small pieces of evidence, the Ninth Circuit found the evidence sufficient to establish the employment practices of the relevant industry segment. *Id.*

■ Appellant further argues that the bankruptcy court erred in finding that the debtor reasonably relied on the advice of his accountant. Debtor's accountant did not testify, and the only evidence of record on the debtor's reliance on the advice of his accountant is that the debtor testified that he had discussed with his accountant how to treat his drivers and that it was his understanding from that discussion that he should treat the drivers as independent contractors. *See* Tr. 26–27. The bankruptcy court stated that "the Court finds that due to the Debtor's educational background, coupled with his understanding of the trucking industry, it was reasonable for him to rely on the education and experience of his accountant in deciding to treat his drivers as independent contractors for employment tax purposes." Order of bankruptcy court, filed September 12, 1989, at 15. The court first notes that there is no evidence in the record whatsoever as to the accountant's education and experience or qualifications in general. In fact, the identity of debtor's accountant is not even disclosed in the record. There is no evidence that the accountant had any experience in either the area of employment taxation or the trucking industry. Second, there is no evidence in the record as to exactly what advice the accountant gave debtor[3] or

---

**3.** The court does note that the bankruptcy judge sustained a hearsay objection to a question regarding what the accountant told the debtor when debtor's counsel, who was the interroga-

tor, agreed with the objection. *See* Tr. at 26–27. Since *what* the accountant told the debtor was not apparently being offered for the truth of its contents but rather to show what the advice was

what information the debtor gave the accountant. Consequently, this court agrees with appellant that, as a matter of law, the bankruptcy court erred in finding that the debtor had a reasonable basis for reliance on the advice of his accountant.

Based on the foregoing discussion, the court finds that this matter should be remanded to the bankruptcy court for further findings of fact and conclusions of law with respect to the debtor's treatment of his drivers for years prior to the calendar year 1985 and the debtor's alleged reliance on industry practices and the advice of his accountant. The court has considered whether to find that the debtor-appellee is not entitled to the safe harbor provisions of Section 530 due to the debtor's failure to meet his burden of proof. However, in light of the fact that the bankruptcy court declined to rule on the dispute between the parties as to which party bore the burden of proof, *see* Tr. at 11, and because there is a scarcity of law interpreting the requirements of Section 530, the court finds that remand is appropriate.

ORDER:

Accordingly, It Is Ordered:

The bankruptcy court's order of September 12, 1989, is vacated. This matter is remanded to the bankruptcy court for further findings of fact and conclusions of law on the issues indicated.

Done and Ordered this 17th day of April, 1990.

that debtor received and relied upon (whether true or not), the court doubts the hearsay objection should have been conceded by debtor. *See* Fed.R.Evid. 801(c).