**CINEMA ART THEATRE of SPRINGFIELD, INC.,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

97–3038.

United States District Court,
C.D. Illinois,
Springfield Division.

March 26, 1999.

J. Steven Beckett, Urbana, IL, Edith S. Thomas, Brighton, MI, Robert E. Miller, Farmington Hills, MI, for plaintiff.

James A. Lewis, Springfield, IL, Douglas W. Snoeyenbos, Washington, DC, for defendant.

## OPINION

RICHARD MILLS, District Judge.

Was the IRS substantially justified in classifying Plaintiff's nude dancers as "employees" under the tax code?

After much dancing around the statutes, the Court finds that it was not.

Attorney's fees granted to the Plaintiff.

### I. Background.

Plaintiff Cinema Art Theatre ("Cinema") operates an adult entertainment nightclub, where female entertainers would perform dances on the main stage and also provide "couch" and "mystery" dances for individual customers. Cinema dictated the order of performance for each dancer, and also set prices for personal dances. Cinema also kept count of the number of dances performed by each dancer. Although the dancers collected cost of the dance from each customer, they were required to turn over a portion of what they collected. Moreover, Cinema issued "scrips" to customers who used credit cards to pay for dances.

Before the dancers began work, they signed a document called "Dancer Performance Lease," and included in this "Lease" was a paragraph allowing Cinema to impose "rules and regulations" that in its absolute discretion "deem necessary and appropriate." Cinema provided written rules that dictated how the dancers were to behave both on and off duty. Cinema regulated everything from gum chewing to dancer's costumes. Moreover, if the dancer missed a shift, she was required to produce a doctor's note before being allowed to work again. Lastly, the dancers believed that they were not allowed to dance at another establishment.

Cinema also provided "booth" performances to its customers, where the customer and the dancer were separated by a glass partition and a curtain, and talked through a telephone. The customers put money in a slot to keep the curtain open and the telephone operating. The performer collected the money in the slot but Cinema was paid 20 percent of the proceeds.

On September 2, 1996, the Internal Revenue Service ("IRS") claimed that the Cinema's dancers and performers were "employees" under the tax code and assessed back employment taxes. Cinema claimed that the dancers were independent contractors, and pursuant to Section 530 of the Revenue Act of 1978, 26 U.S.C. § 3401 note ("Section 530"), it was exempt from withholding employment taxes. Nonetheless, on October 28, 1996, Cinema paid estimated withholding tax for one "employ-

ee" and thereafter filed an administrative claim for a refund. The IRS eventually denied Cinema's claim for a refund. Cinema then instituted this action and the IRS counterclaimed for back taxes.

The parties continued to dispute whether Cinema was entitled to Section 530 treatment. During this period, several district courts recognized that similarly situated dance clubs were entitled to Section 530 treatment. Cinema alerted the Government of these decisions. Approximately a year and a half after the date Cinema filed this suit, the IRS agreed that Cinema was entitled to 530 relief and agreed to a consent judgment in favor of Cinema. Cinema subsequently filed this motion for attorney's fees pursuant to § 7430 of the Internal Revenue Code.[1]

## II. Analysis

### A. Standard for Awarding of Attorney's Fees Under 26 U.S.C. § 7430

In order for the Court to grant attorney's fees under 26 U.S.C. § 7430, the taxpayer must show that she (1) exhausted all her administrative remedies, (2) was a "prevailing party" under § 7430(c)(4), and (3) that the fees are reasonable. *See* 26 U.S.C. § 7430(a); *Wilfong v. United States*, 991 F.2d 359, 364 n. 7 (7th Cir. 1993). A "prevailing party" is one who establishes (1) that the government position was not "substantially justified," (2) that she has "substantially prevailed" with respect to the amount in controversy, or the most significant issues and (3) that she met all the requirements under § 28 U.S.C. § 2412(d). *See* 26 U.S.C. § 7430(c)(4)(A).

The Government does not dispute that Cinema exhausted all its administrative remedies. The Government, however, argues that its position was "substantially justified,"[2] and consequently, Cinema was not a "prevailing party" under § 7430 because when the IRS initially assessed Cinema with back taxes, the law was uncertain with regard to whether Cinema, and other similarly situated taxpayers, were entitled to Section 530 relief. Alternatively, the Government argues that even if its position is not "substantially justified" as to preclude the award of attorney's fees, Cinema's fees are unreasonable.

### B. Whether the Government was "Substantially Justified"

█ The Court notes that it is the Government's burden to show that its position was "substantially justified." *See* 26 U.S.C. § 7430(c)(4)(B). The Government's position is "substantially justified" "if a reasonable person could think it correct, if it has a reasonable basis in law or fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n. 2, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *see also, Young v. Sullivan*, 972 F.2d 830, 835 (7th Cir.1992).

The Government argues that it was "substantially justified" when it refused to grant Section 530 relief to Cinema, because Cinema failed to meet all the requirements for Section 530 relief. Generally, Section 530 exempts certain qualifying taxpayers from the requirement of withholding employment taxes from its workers. The relevant text of Section 530 is as follows:

(a) Termination of certain employment tax liability.—

(1) In general.—If—

(A) for purposes of employment taxes, the taxpayer did not treat an indi-

---

**1.** Initially, Cinema claimed fees incurred during both the administrative and litigation stages. It conceded that it was not entitled to fees incurred prior to the IRS letter rejecting the taxpayer's appeal. Thus, the fees claimed in this case only relate to those incurred after March 26, 1996, the date that administrative appeal was denied.

**2.** The Government does not dispute that Cinema has substantially prevailed with respect to the issues, nor does it dispute whether Cinema met the requirements of 28 U.S.C. § 2412(d).

vidual as an employee for any period, and

(B) in the case of periods after December 31, 1978, all Federal tax returns (including information returns) required to be filed by the taxpayer with respect to such individual for such period are filed on a basis consistent with the taxpayer's treatment of such individual as not being an employee, then for purposes of applying such taxes for such period with respect to the taxpayer, the individual shall be deemed not to be an employee unless the taxpayer had no reasonable basis for not treating such individual as an employee.

. . .

(e) Special rules for application of section.—

. . .

(4) Burden of proof.—

(A) In general.—if—

(I) a taxpayer establishes a prima facie case that it was reasonable not to treat an individual as an employee for purposes of this section, and

(ii) the taxpayer has fully cooperated with reasonable requests from the Secretary of the Treasury or his delegate,

then the burden of proof with respect to such treatment shall be on the Secretary.

26 U.S.C. § 3401 note.

■ Congress enacted this section to alleviate the "overly zealous pursuit and assessment of taxes and penalties against employers who had, in good faith, misclassified its employees as independent contractors." *Boles Trucking, Inc. v. United States,* 77 F.3d 236, 239 (8th Cir. 1996) (citation omitted). In addition, the legislative history of Section 530 suggests that it should be construed liberally in favor of the taxpayer. *See* H.R.Rep. No. 1748, 95th Cong., 2d Sess. 5 (1978). However, the burden of showing the application of Section 530 is on the taxpayer. *See, e.g., 303 West 42nd Street Enter. v. IRS,* 916 F.Supp. 349, 354 (S.D.N.Y.1996).[3]

The Government does not dispute that Cinema had a "reasonable basis" to treat its performers as non-employees. The Government merely argues that it was substantially justified in denying Cinema Section 530 status because Cinema failed to file all required informational returns per subsection (a)(1)(B) of Section 530. Specifically, 26 U.S.C. § 6041(a) requires a taxpayer to file Form 1099 if she makes a "payment" over $600.00 to another "person." The Government argues that since Cinema failed to establish that it was exempt from filing Form 1099, Cinema was not entitled to Section 530 relief. Cinema denies that it was required to file Form 1099 because it did not make any "payments" to the dancers and performers.

Since the Government eventually conceded that Cinema was entitled to Section 530 relief, the Court need not decide whether Cinema made any "payments" to the dancers at this stage in the proceedings. The Court only needs to determine whether the Government's initial position with regard to the definition of the word "payment" was reasonable under the circumstances.[4] The Government argues that its position regarding the "payment" issue was substantially justified because at the time the IRS Appeals Office rejected Cinema's claim for Section 530 relief, the issue of whether a nude club made "payments" to its dancers within the meaning of § 6041 when it permitted them to retain a portion of the amounts collected was "uncertain," and the only reported decision regarding a nude dancing club's entitle-

---

3. Even though the statute was not designed to provide a loophole for the taxpayer, the Court construes the applicability of Section 530 liberally in favor of Cinema.

4. Since the Court reviews the Government's position *ex post,* the Court will consider the law and the facts as it existed on the date the IRS rejected Cinema's claim to Section 530 relief.

ment to Section 530 relief was in favor of the Government. *See generally, 303 West 42nd Street Enter., Inc. v. United States,* 916 F.Supp. 349 (S.D.N.Y.1996). Thus, the Government argues that it was substantially justified in arguing that Cinema was required to file Form 1099.

■ The Government's argument is unpersuasive for the following reasons: first, over 30 years ago, the Commissioner opined that golf caddies, who were paid *directly* by the members of a country club were not employees of the club, even though the club permitted the members to charge the fees paid to the caddies. *See* Rev.Rul. 69–26, 1969–1 C.B. 251 ("Caddy ruling"). Although Revenue Rulings are not binding on this Court, the Court finds this ruling very persuasive regarding the issue of whether Cinema made "payments" to its dancers. The accounting arrangement in this case is very similar to the one in the caddy ruling: customers directly paid the dancers. Given this ruling, Cinema's position that it was not required to file Form 1099 was reasonable. In turn, the ruling makes the Government's position regarding the "payment" issue unreasonable.

Second, as noted in the legislative history, Section 530 is to be construed liberally in favor of the taxpayer. The Court finds the Government's position regarding the "payment" issue to be unreasonable, especially when the "payment" issue would have determined Cinema's entitlement to Section 530 relief.[5]

Third, even if the Court assumes that the "payment" issue was a *bona fide* dispute, the Court finds that Cinema made at least a "prima facie" showing of the two requirements for Section 530 relief. Thus, per subsection (e)(4) of Section 530, the burden of proof shifts to the Government to show that Cinema was not entitled to Section 530 relief. As noted before, the Government does not dispute that Cinema

had a reasonable basis to treat its dancers as non-employees. More importantly, the Government failed to show that Cinema made "payments" to its dancers, and that those "payments" exceeded $600.00 which triggered the reporting requirement.

For the above stated reasons, the Court finds that the Government's position regarding the "payment" issue was unreasonable, and accordingly, finds that the IRS was not substantially justified when it refused to grant Section 530 relief to Cinema. *See also, JJR, Inc. v. United States,* 36 F.Supp.2d 1259, 1260 (W.D.Wash.1999). In sum, Cinema is a "prevailing party" as defined under § 7430(c)(4), and is entitled to attorney's fees.

### C. Reasonableness of the Fees.

■ First, the parties agree that Cinema is not entitled to fees incurred prior to March 25, 1996, the date of exhaustion of its administrative remedies. Thus, the only fees in question are those incurred at the "litigation stage" of the proceedings. Cinema has submitted a schedule of fees as Exhibit 4 of its Supplement to Plaintiff's Motion for Award of Litigation Fees (d/e 37). First, Cinema requests an hourly rate raging from $90 to $175 for attorney's fees, $125 per hour for accountant's fees, and $45 to $55 for legal assistant's fees. The total amount of fees requested is $29,027.54. However, § 7430(c)(1)(b) limits the hourly rate for attorney's fees to $110 for the year 1997, unless the Court finds a "special factor" justifying a higher rate. In 1998, the statutory hourly rate maximum is increased to $120. Cinema claims a higher rate and argues that its lawyer's tax expertise justifies a higher rate. However, tax expertise does not qualify as a "special factor" warranting an award above the statutory rate. *See Powers v. Com'r of Internal Revenue,* 43 F.3d 172, 183–84 (5th Cir.1995). In addition, the schedule of fees is not detailed enough so

---

**5.** The Court does not suggest that § 6041 *always* should be construed liberally in favor of the taxpayer. Such a reading would be too expansive of Section 530.

that the Court can determine whether the fees and expenses are reasonable.

*Ergo,* Plaintiff's Motion for Award of Litigation and Administrative Costs Under Section 7430 of the Internal Revenue Code is ALLOWED. However, the amount requested in the motion is DENIED. The Plaintiff is directed to file a detailed and itemized schedule of fees and expenses by April 14, 1999. The Government shall file its objections regarding the fees within 14 days thereafter.